DECISION.
Appellant Aaron Bosse worked as a server at appellee Rare Hospitality's Longhorn Steakhouse in downtown Cincinnati. In March of 2000, Bosse and another employee, Cornel Crim, who was a cook, were working together. Bosse mistakenly entered a customer's order. He realized his mistake and asked Crim to correct it when he filled the order.
Somehow, this minor matter ballooned into an argument that culminated when Crim threw a knife at Bosse, slicing his nostril and blackening his eye. The cut required 25 stitches. Immediately after, Crim profusely apologized to Bosse.
Bosse sued Longhorn, alleging both negligence and an employer intentional tort. The trial court granted summary judgment against Bosse on both claims. Under Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[1]
Bosse seems to have appealed only the portion of the trial court's decision on the intentional tort theory. But on either theory, Bosse has no case because (1) the workers' compensation law trumps a general negligence claim[2] and (2) there is no genuine issue of fact to support a claim for employer intentional tort.
To prove an employer intentional tort, the plaintiff must establish (1) knowledge by the employer of a dangerous condition, (2) knowledge by the employer that, if the employee were subjected to this dangerous condition, harm to the employee was substantially certain, and (3) that the employer knowingly required the employee to continue to perform the dangerous work.[3] Evidence that the employer was negligent or even reckless is insufficient.[4]
Here, while there was some evidence that Crim was "high strung" and "stressed," there was nothing to suggest that he would commit the assault on Bosse. Crim had no prior criminal record of violent behavior. He had no prior violent behavior at Longhorn, though he had engaged in some "verbal altercations" with other employees. There was simply not a scintilla of evidence that Longhorn should have known that Crim would be violent, and that harm to Bosse (or anyone else) was substantiallycertain to occur. If every employee were fired for getting into a verbal altercation, the workplace would be sparsely populated.
We hold that there was no evidence of negligence in Longhorn's conduct, much less evidence of any intent to injure Bosse. We affirm the trial court's entry of summary judgment.
Judgment affirmed.
Doan and Hildebrandt, JJ., concur.
[1] See Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389, 696 N.E.2d 201.
[2] See Blankenship v. Cincinnati Milacron Chemicals, Inc. (1982),69 Ohio St.2d 608, 614, 433 N.E.2d 572.
[3] See Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, 570 N.E.2d 1008, paragraph one of the syllabus; Croft v. Fluor Daniel Eng., Inc., 1st Dist. No. C-010409, 2002-Ohio-3288, at ¶ 10.
[4] See Fyffe v. Jeno's Inc., supra, paragraph two of the syllabus.